IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert P. RUDOLPH, Attorney at Law.

Supreme Court

*No. 94–0433–D. Filed October 12, 1994.*

(Also reported in 522 N.W.2d 219.)

WILCOX, J., took no part.

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license revoked.*

We review the recommendation of the referee that
the license of Robert P. Rudolph to practice law in Wis-
consin be revoked as discipline for professional
misconduct. That misconduct included numerous
instances of misappropriation of client funds held in
trust and failure to cooperate with the Board of Attor-
neys Professional Responsibility (Board) in its
investigation into his conduct. On June 15, 1994 the
court, acting on the recommendation of the referee,

temporarily suspended Attorney Rudolph's license to practice law pending disposition of the proceeding.

Attorney Rudolph was admitted to practice law in Wisconsin in 1969 and practices in Wautoma. He has not previously been the subject of an attorney disciplinary proceeding. Although he had asserted by answer a general denial of the allegations of misconduct set forth in the Board's complaint, on the day of the hearing, Attorney Rudolph filed a petition for the voluntary revocation of his license, pursuant to SCR 21.10(1),[1] stating that he could not successfully defend against those allegations. In that petition, Attorney Rudolph also pleaded no contest to the Board's complaint, pursuant to SCR 22.12(2).[2] The referee, Attorney John

---

[1] SCR 21.10 provides:

**Revocation of license by consent.**

(1)   An attorney who is the subject of an investigation or formal complaint for possible misconduct may file a petition for the revocation of his or her license. The attorney shall state in the petition the charges which are the subject of the investigation or formal complaint and that the petition is submitted because he or she could not successfully defend the charges. Before the filing of a formal complaint, the petition shall be filed with the board, and the board shall review the petition and make its recommendation to the supreme court. Following the filing of a formal complaint, the petition shall be filed with the referee, and proceedings on the petition shall be conducted under SCR 21.09(4) and (5).

[2] SCR 22.12 provides:

**Answer, defense procedures.**

. . .

(2)   A respondent may be answer plead no contest to allegations of misconduct in the complaint. The referee shall make a determination of misconduct in respect to each allegation to which no contest is pleaded and for which the referee finds an adequate factual basis in the record. In a subsequent disciplinary or reinstatement proceeding, it shall be conclusively presumed that the respondent engaged in misconduct determined on the basis of a no contest plea.

Schweitzer, determined that, whether a petition for consensual license revocation or a no contest plea to the complaint, the proceeding establishes professional misconduct that warrants the revocation of Attorney Rudolph's license to practice law.

License revocation is warranted by the serious and extensive nature of Attorney Rudolph's professional misconduct. Instead of protecting the interests of those who retained him for that purpose, Attorney Rudolph sought to further his own personal, pecuniary interests at their expense and in direct violation of the trust they had placed in him. By that misconduct, Attorney Rudolph has demonstrated a fundamental dishonesty in dealing with clients and their property that is incompatible with a license from this court to represent others in our legal system.

Proceeding on the no contest plea, the referee made the following findings of fact as alleged in the Board's complaint.

In representing a couple in a bankruptcy in 1991, Attorney Rudolph retained $500 of real estate closing proceeds claimed by a creditor and withdrew those funds from his trust account. He brought an action against the creditor for an alleged overpayment but never disclosed to his clients that he had paid himself the $500 the creditor had alleged in its counterclaim was owing to it.

Over a period of six months in 1992, Attorney Rudolph withdrew and used for his own purposes approximately $8,700 of funds belonging to a client whom he had represented in a real estate sale. He then wrote trust account checks to the heirs of the seller's deceased brother, the total of which exceeded by $1,400 the amount of the sale proceeds then held in his trust account. Consequently, that excess was paid with

funds belonging to other clients in that account. Attorney Rudolph failed to give an accounting of the sale proceeds to his client and made no payment of inheritance tax on behalf of the deceased brother's heirs, although he had withheld funds from the proceeds to do so.

In the summer of 1993, Attorney Rudolph withdrew for his own purposes $1,250 of funds being held in his trust account to be used for payment of his divorce client's temporary maintenance payments. When a $3,750 check he gave to the client's spouse was dishonored for insufficient funds, Attorney Rudolph gave the woman that amount in cash in exchange for the NSF check. Attorney Rudolph's explanation to the Board of the shortfall in his trust account was incomplete and inaccurate.

During the first four months of 1993, Attorney Rudolph made payments from his trust account on behalf of a client with funds belonging to other clients. In 1992 and 1993, he used funds held in his trust account on behalf of ten clients to cover overdrafts written on that account, payments he made to himself and payments he made to other clients or on their behalf.

In March, 1993 the circuit court dismissed with prejudice an action Attorney Rudolph brought on a client's behalf and ordered Attorney Rudolph to pay one of the defendants $1,016 as costs for maintaining a frivolous action. Attorney Rudolph did not respond to two requests from the Board for information concerning that matter and did not appear pursuant to the Board's notice to do so.

In July, 1993, Attorney Rudolph filed a motion to reopen a land contract foreclosure action in which he represented the defendants, whose counterclaim had been dismissed and against whom judgment had been

granted. The court found the motion cumulative to the issues already tried and frivolous and ordered Attorney Rudolph to pay opposing counsel's fees of $380. Attorney Rudolph did not respond to the Board's first letter requiring information concerning this matter and his abbreviated response to the Board's second letter was incomplete. Attorney Rudolph did not respond to the Board's further request for information.

The referee concluded that Attorney Rudolph violated the following rules of professional conduct for attorneys: SCR 20:1.15(a)[3]—failing to hold in trust property belonging to a client or a third person; 20:1.15(b)[4]—failing to promptly notify a client or third person in writing of his receipt of trust funds and failing to promptly deliver those funds to the persons entitled to them; 20:8.4(c)[5]—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; 20:1.4(b)[6]—failing to explain a matter to the

---

[3] SCR 20:1.15 provides:

**Safekeeping property**

(a)   A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. . . .

[4] SCR 20:1.15 provides:

**Safekeeping property**   .
. . .
(b)   Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. . . .

[5] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .
(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[6] SCR 20:1.4 provides:

extent reasonably necessary-to permit a client to make informed decisions regarding the representation; 20:1.7(b)[7]—having a conflict of interest in a matter in which he represented a client; 21.03(4),[8] 22.07(2) and (3)[9]—failing to cooperate with the Board in its investi-

**Communication**

. . .

(b)   A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[7] SCR 20:1.7 provides:

**Conflict of interest: general rule**

. . .

(b)   A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1)   the lawyer reasonably believes the representation will not be adversely affected; and

(2)   the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

[8] SCR 21.03 provides:

**General principles.**

. . .

(4)   Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[9] SCR 22.07 provides:

**Investigation.**

. . .

(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her

gations into allegations of his misconduct; 20:1.15(f)[10]—failing to produce trust account records upon request of the Board.

As discipline for his professional misconduct, the referee recommended that the court revoke Attorney Rudolph's license to practice law, noting that Attorney Rudolph had consented to that revocation. The referee further recommended that Attorney Rudolph be required to make specified restitution within 60 days to those harmed by his professional misconduct and to provide accountings to any person believing to be entitled to restitution and make restitution as may appear warranted. The referee noted that Attorney Rudolph had acknowledged in his license revocation petition his liability to pay restitution to specified persons in specified amounts and that restitution was incorporated in the referee's recommendation.

discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[10] SCR 20:1.15 provides:

**Safekeeping property**

. . .

(f) Upon request of the Board of Attorneys Professional Responsibility, or upon direction of the Supreme Court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. . . .

We adopt the referee's findings of fact and conclusions of law concerning Attorney Rudolph's professional misconduct and determine that the license revocation recommended as discipline for that misconduct is warranted.

IT IS ORDERED that the license of Robert P. Rudolph to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Robert P. Rudolph make restitution as set forth in the report of the referee in this proceeding.

IT IS FURTHER ORDERED that within 90 days of the date of this order Robert P. Rudolph pay to the Board of Attorneys Professional Responsibility the costs of this proceeding.

IT IS FURTHER ORDERED that Robert P. Rudolph comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

WILCOX, J., took no part.